## LUMIERE v. PATHÉ EXCHANGE, Inc., et al.

(Circuit Court of Appeals, Second Circuit. June 8, 1921.)

No. 202.

**1. Copyrights ⊚⇒20—Photographer taking pictures gratuitously for his own benefit entitled to copyright.**

One employing a photographer to take his picture for pay is entitled to the copyright as against the photographer, but a photographer who takes a picture for his own benefit and gratuitously is entitled to the copyright as against the sitter.

**2. Copyrights ⊚⇒74—Conditions precedent to suit for infringement.**

Under Copyright Act, § 12 (Comp. St. § 9533), a suit for infringement of a copyright of a photograph, copies of which have been reproduced for sale, cannot be maintained until two copies have been deposited as required by said section and a certificate of registration, giving date of publication, has been obtained under section 55 (Comp. St. § 9576).

Appeal from the District Court of the United States for the Southern District of New York.

Suit in Equity by Samuel Lumiere against the Pathé Exchange, Inc., and others. From a decree of dismissal without prejudice, both parties appeal. Affirmed.

Almy, Van Gordon & Evans, of New York City (Don R. Almy and William S. Evans, both of New York City, of counsel), for complainant.

Coudert Bros., of New York City (Howard Thayer Kingsbury and Charles A. Conlon, both of New York City, of counsel), for Pathé Exchange, Inc.

Cornell, Lockwood & Jeffery, of New York City (William P. Jeffery and Alfred Tweedy, both of New York City, of counsel), for Chalmers Pub. Co., Inc.

Augustus T. Gurlitz, of New York City (John D. Myers, of Camden, N. J., and A. T. Gurlitz, of New York City, of counsel), for Victor Talking Mach. Co.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. August 26, 1919, this bill was filed with a prayer for an injunction and an accounting on the ground of infringement of copyright of three photographs taken by the plaintiff of Dolores Cassinelli, a motion picture actress, and copyrighted by him.

April 17, 1920, Judge Learned Hand dismissed the bill without costs or prejudice and with leave to commence a new action. All the parties have appealed, each contending that the decree should have been on the merits in his or its favor.

[1] Whoever employs a photographer to take his picture for pay is entitled to the copyright as against the photographer, but a photographer who takes a picture for his own benefit and gratuitously is entitled to the copyright as against the sitter. Press Publishing Co. v. Falk

(C. C.) 59 Fed. 324. See, also, the opinion of Judge Thomas, sitting in the District Court for Connecticut, in Altman v. New Haven Union (D. C.) 254 Fed. 113.

In May, 1918, Miss Cassinelli employed one Letendre as her publicity agent, who told her it would be necessary for her to have artistic photographs taken to be used for publicity purposes. He advised her to go to the plaintiff, who has a high reputation for taking such photographs, which she consented to do. Letendre testified that he arranged with the plaintiff to take the photographs at a reduced rate with the privilege of copyrighting. The plaintiff testified to the same effect and also that he had stated this arrangement made by Letendre to Miss Cassinelli, who expressed herself satisfied. Miss Cassinelli testified that she did not remember such a conversation with the plaintiff, but that she had left the whole matter of business in the hands of Letendre, concerning herself only with the artistic details and values.

In June, 1918, she did order and pay for some 200 photographs at about $1 each, the plaintiff's regular price being $60 a dozen. The proofs and pictures given Miss Cassinelli were all marked as copyrighted by the plaintiff. Although it is perfectly evident that she did not know anything about copyright or what it meant, the evidence satisfies us that Letendre acted within his authority as her agent in giving the copyright privilege to the plaintiff.

Early in May, 1919, Miss Cassinelli was engaged by the defendant, Pathé Exchange, Inc., as an actress in a motion picture called "The Unknown Love." The Exchange wanted artistic photographs of her for advertising the motion picture, and she told it that the plaintiff had made some such pictures, whereupon the Exchange authorized her to order 800 upon condition that the plaintiff's copyright notice be removed. This the plaintiff refused to do, but sold a dozen or more of the copyrighted photographs to the Exchange. The Exchange employed an artist named Michelson to make two drawings of Miss Cassinelli differing from the photograph in details of dress, but using it for the face. These drawings were transferred to plates from which colored prints were taken, one of which was inserted as an advertisement in the weekly issue of April 26, 1919, of the Motion Picture News, published by the defendant, Motion Picture News, the name Michelson being substituted for the plaintiff's notice of copyright, and the other in the same issue of the Moving Picture World, published by the defendant Chalmers Publishing Company, Inc., but without any notice of copyright or artist's name. We think these advertisements were clearly infringements within our decision in Gross v. Seligman, 212 Fed. 930, 129 C. C. A. 450.

[2] This brings us to the question whether the plaintiff has so complied with the provisions of the Copyright Act of March 4, 1909 (Comp. St. §§ 9517–9524, 9530–9584), as to be entitled to maintain this action. Under section 11 of that act only one copy of photographs not to be reproduced for sale need be deposited, and the date of publication need not be stated in the certificate of registry under section 55, but, if they are to be reproduced for sale, two copies must be filed under

section 12, and the date of publication, i. e., the earliest date on which copies were sold (section 62), must be stated in the certificate of registration under section 55. In either case copying the photographs would infringe the copyright and the right to recover for infringement committed before a certificate of registration for copies to be reproduced for sale had been obtained would continue.

The plaintiff's copyright was established by the publication with notice of copyright as against all the world whether with or without actual notice and could not be declared void because not "promptly" followed by deposit of copies as required by the act except by action of the register of copyrights under section 13, which was not taken.

The plaintiff relies in his bill upon his having published the photographs with the notice of copyright in accordance with sections 9 and 18 and upon certificates of registration obtained under section 55 dated August 8, 1919, and a deposit of two copies of each photograph on the same day. The trouble is that the certificates of registration are for photographs not to be reproduced for sale, no date of publication being stated. Section 12 provides that "no action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this act with respect to the deposit of copies and registration of such work shall have been complied with." Deposit of copies and registration is each a condition precedent of the right to maintain an action for infringement. When this bill was filed, two copies of each of the photographs had been deposited, but the registration required by the act had not been obtained. The registration relied on is for photographs not to be reproduced for sale, whereas these photographs had been reproduced for sale more than a year before. Nevertheless the plaintiff may get a certificate of registration under section 55 for photographs to be reproduced for sale as required by section 12, and thereafter may maintain another action, which indeed we are informed has been begun. For this reason the District Judge rightly dismissed the bill without prejudice, and the matter of costs was in his discretion. The parties cannot by agreement, expressed or implied, alter the statute. Other important and difficult questions depending upon the construction of the Copyright Act do not arise and need not be considered.

Decree affirmed, without costs to any party.

HOUGH, Circuit Judge. I agree with the foregoing opinion as far as it goes. There are, however, two points for which this decision will by inference be thought authority and as to which I do not wish to be concluded. They are: (1) Whether under the circumstances shown by the record this plaintiff should not be relegated to his action at law; and (2) whether in any form of action plaintiff can recover damages for infringements committed before he not only registered his claim of copyright, but deposited the requisite number of copies.