## LUMIERE v. ROBERTSON-COLE DISTRIBUTING CORPORATION.

(Circuit Court of Appeals, Second Circuit. March 27, 1922.)

No. 190.

1. Copyrights ⊚⟶20—Under ordinary employment photographer has no proprietary right in photographs made.

The usual contract between a photographer and his customer is one of employment. The production of the photograph is work done for the customer, not for the photographer, and the sitter is entitled to all proprietary rights therein.

2. Copyrights ⊚⟶20—Person procuring and paying for photograph has right of copyright.

Where a photographer takes photographs of a person who goes or is sent to him in the usual course, and is paid for the photographs and for his services in taking the same, the right of copyright is in the sitter or in the person sending the sitter to be photographed, and not in the photographer; but photographer is entitled to copyright where he solicits sitter to come to his studio and takes photographs gratuitously for his own benefit and at his own expense.

3. Copyrights ⊚⟶36—Photographs purchased from photographer held free from subsequent copyright obtained by him.

A defendant, which procured photographs of a person to be taken and paid the photographer for copies delivered, holds the same free from any copyright which the photographer may subsequently obtain thereon.

4. Literary property ⊚⟶5—Photographer has no exclusive right in pictures made, but not copyrighted.

Where no valid copyright has been obtained, a photographer has no exclusive right in the product of his artistic skill.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Samuel Lumiere against the Robertson-Cole Distributing Corporation. Decree for defendant, and complainant appeals. Affirmed.

Almy, Van Gordon & Evans, of New York City (Don R. Almy, of New York City, of counsel), for appellant.

De Witt & Mulqueen, of New York City (Benjamin P. De Witt, of New York City, of counsel), for appellee.

Before ROGERS and MANTON, Circuit Judges, and KNOX, District Judge.

MANTON, Circuit Judge. In this action for infringement of copyright, these facts are established. The appellant is a photographer. The Robertson-Cole Company was a producer of motion pictures, and employed Carpentier, a pugilist, to appear as an actor in motion pictures. The appellee is a distributor of motion pictures. One Adolfi was employed by the Robertson-Cole Company to direct the taking of the motion pictures in which this pugilist was to appear. The contract

of employment was in the name of the Territorial Sales Corporation. Robertson-Cole Company guaranteed the contract to Carpentier. Adolfi was, for all practical purposes, in the employ of the Robertson-Cole Company. The contract itself was guaranteed by the Robertson-Cole Company. Cole, a member of this firm, was president of the Territorial Sales Company and the partnership owned all the corporation stock. Adolfi's authority permitted him to engage Carpentier. One Letendre was associated with, or interested, at least, as an agent of, the appellant. He and Adolfi made the contract for taking the pictures of Carpentier. The evidence satisfactorily shows that the pictures of Carpentier in question were taken on behalf of the Robertson-Cole Company to be used by it for the purpose of advertising the motion pictures. It appears that Adolfi's business was known to both the appellant and Letendre when it was arranged to take the picture at the appellant's studio, and it is declared that Adolfi made it plain that the Robertson-Cole Company would pay for the pictures.

Before making the appointment with the appellant to take the pictures, Adolfi went to the office of the Robertson-Cole Company and there talked with the appellant on the telephone, and made an appointment to bring Carpentier to appellant's studio. When this was done, Carpentier was accompanied by his manager and an interpreter, for he did not speak English. Before going to the studio, Adolfi went to the Biltmore Hotel in New York, where the pugilist and his manager were staying, and where desirable costumes were selected in which to have the pugilist photographed. These were taken to appellant's studio and were used in the poses and pictures taken. Such costumes appeared on the pugilist in the pictures which were exhibited later. It was apparent that the photographic work was for motion picture purposes. When the appellant's agent, Letendre, desired to have Carpentier sign a letter giving the appellant the copyright privilege for the photographs, instead of presenting this letter to Carpentier or his manager, who were both present at the time, it was presented to Adolfi, which is a significant fact that the appellant regarded Adolfi as the person in charge of the enterprise. After the photographs were taken, the finished prints were sent to the Robertson-Cole Company, although at that time no arrangement had been made as to price for the work. The Robertson-Cole Company paid the sum of $809.50 for 3,190 copies of the finished photographs. It is thus apparent that the Robertson-Cole Company bought the photographs and paid the customary price therefor. It also appears that $57 were paid for developing negatives of photographs, which were later used by the Robertson-Cole Company.

This testimony disproves the claim of the appellant that the photographs were taken at his expense. There is in the record an admission by the appellant that the photographs belong to the Robertson-Cole Company. The pugilist's manager understood that the pictures were taken for the Robinson-Cole Company. He did not understand that the appellant secured a copyright. After Adolfi left the studio, the appellant and his agent prepared another letter for Carpentier to sign, and on April 3d they went to Baltimore, and there endeavored to induce the pugilist's manager to sign this letter authorizing the ap-

pellant to copyright the pictures. Such a letter was signed, but it is not clear that the pugilist or his manager, neither of whom could speak English, had knowledge of the contents or the effect of the letter.

The testimony of the appellant and his agent, Letendre, in endeavoring to maintain his claim that he, by consent of Carpentier, took the pictures at his expense with the right to copyright the same, is unsatisfactory. In the affidavit submitted on an application for a preliminary injunction, Lumiere maintained that he received no compensation for taking the photographs. On the trial, he admitted receiving $866.50, including $57 for services for retouching. Letendre, in an affidavit, said that he told Adolfi that the Robertson-Cole Distributing Corporation (the appellee) could use the photographs, but must reproduce the copyright mark of the appellant. On the trial, he denied that the name of the Robertson-Cole Distributing Corporation was mentioned in his talk with Adolfi and said that Adolfi denied expressly that Letendre mentioned copyright to him. In the affidavit, appellant said he entered into an express agreement with the pugilist whereby the appellant was to take photographs and copyright the same. On the trial, it appeared that neither had ever seen or been in communication with Carpentier or his manager before they came to the studio to have the photographs taken. In the affidavit, the appellant said he solicited the pugilist at cost and expense. On the trial it appears that he neither directly nor indirectly spent anything to get Carpentier to come to the appellant's studio. In the affidavit, it is said that the consent in writing to copyright the photographs was obtained by the appellant from the pugilist's manager. On the trial, it was testified that no consent to copyright was given by the pugilist's manager, that the word "copyright" was not mentioned to Descamp in the French language. The letter was obtained from the pugilist's manager several days after the pictures had been actually taken.

While the testimony in the case is in severe conflict, the foregoing statement, we believe, constitutes the facts. The relief sought by the appellant is that the appellee be restrained by injunction from offering for sale or otherwise distributing copies of the photographs of Carpentier in various poses and that damages suffered for alleged wrongful publication be awarded to the appellant.

[1] On these facts, the appellant is not entitled to the relief which he seeks. The usual contract between a photographer and his customer is one of employment. The production of the photograph is work done for the customer, not for the photographer, and the sitter is entitled to all proprietory rights therein. The work is done for the person procuring it to be done and the negative, so far as it is a picture, or capable of producing pictures of that person and all photographs so made from it, belong to the person. Neither the artists nor any one else has any right to make pictures from the negative or to copy the photographs, if not otherwise published, for any one else. Press Pub. Co. v. Falk (C. C.) 59 Fed. 324; Altman v. New Haven Union Co. (D. C.) 254 Fed. 113; Lumiere v. Pathé (C. C. A.) 275 Fed. 428.

[2] This court announced the above doctrine as against this very appellant. Lumiere v. Pathé, supra. Where a photographer takes

photographs of a person, who goes or is sent to the photographer in the usual course, the photographer is paid for the photographs and his services in taking the photographs, the right of copyright is in the sitter, or in the person sending the sitter to be photographed, and it is not in the photographer. Moore v. Rugg, 44 Minn. 28, 46 N. W. 141, 9 L. R. A. 58, 20 Am. St. Rep. 539; White v. Dreyfoos, 156 App. Div. 762, 142 N. Y. Supp. 37. But where a photographer solicits persons to come to his studio and takes photographs gratuitously, for his benefit and at his expense, the right to copyright is in him. Lumiere v. Pathé, supra.

[3, 4] Announcing, as we do, that the pictures of Carpentier were taken at the instance of the Robertson-Cole Company, and for pay received by the appellant from the Robertson-Cole Company, the proprietary right, and, under the agreement above mentioned with Carpentier, the right to copyright the same, resided in the Robertson-Cole Company. Boucas v. Cooke et al., L. R. 2 K. B. 227. The photographs which were delivered to the Robertson-Cole Company belong to it, for they were paid for. They are free from any copyrights which the appellant may have obtained in having issued to him the copyright grant. Section 1 of the Copyright Act (Comp. St. § 9517) provides that "any person entitled thereto upon complying with the provisions of this act," etc., is entitled to a copyright. Where no valid copyright has been obtained, the producer has no exclusive right in the production of his artistic skill. Bamforth v. Douglass (C. C.) 158 Fed. 355. It follows that the decree below must be affirmed.

Decree affirmed.