MEMORANDUM
LETTS, J.
At the conclusion of the trial I announced that I was satisfied from the evidence that the plaintiff company acquired copyright upon publication of the article with notice of copyright in “The "Washingtonian” in its issue of December 10, 1931. Upon announcing such conclusion I reserved for further consideration the question of plaintiff’s right to the remedy sought.
*18 The facts which are material to a consideration of the question are stated in chronological form, as follows:
On December 10, 1931, the plaintiff published the last issue of its monthly magazine, The Washingtonian, claiming copyright thereon by means of the usual printed notice. (The claim was not thereupon registered and copies were not thereupon deposited in the Copyright Office.) On August 25,1932, Liveright, Inc., one of the defendants, published a book entitled “More Merry-Go-Round,” written by defendant Van Rees Press, Inc. This book contained matter substantially similar to the contents of an article appearing in the said December, 1931, issue of The Washingtonian. Copyright was claimed by means of the usual printed notice; on August 26, 1932, defendant Liveright deposited two copies of the said book, “More Merry-Go-Round,” together with claim of copyright, in the Copyright Office, paid the fee, and obtained a certificate of registration ; on December 14,1932, the last edition of “More Merry-Go-Round” was printed; on February 21, 1933, plaintiff deposited copies of the said December, 1931, issue of The Washingtonian, together with claim of copyright, in the Copyright Office, paid the fee, and secured a certificate of registration (on the same day it likewise deposited copies, and obtained registration of claim of copyright, of the other eleven issues, January through November, of 1931); on March 8,1933, plaintiff instituted this suit alleging infringement of the article appearing in its said issue of December, 1931.
It thus appears that plaintiff failed to register its claim of copyright and to deposit copies of the work in question until more than 14 months after publication, approximately six months after the occurrence of the alleged infringing act, and more than two months after the printing of the last edition of the alleged infringing work.
So far as it is pertinent to this discussion, Section 12 of the Copyright Act of 1909, as amended, provides—
“That after copyright has been secured by publication of the work with the notice of copyright as provided in Section nine of this Act, there, shall be promptly deposited *19 in the Copyright Office or in the mail, addressed to the Register of Copyrights, Washington, District of Columbia, two complete copies of the best edition thereof then published, ... to be acompanied in each case by a claim of copyright. No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this Act with respect to the deposit of copies and registration of such work shall have been complied with.”
In approaching the question it is necessary to have in mind that at common law an author had the exclusive privilege of first publishing his work or the right to prevent it from being published by others unless he should have first published it himself. He had a right to determine whether or not it should be published at all, and if published, when, where, by whom and in what form. But this exclusive right was confined to the first publication. When once published, his work was dedicated to the public, and he had no exclusive right to multiply copies of it or to control the subsequent issues of copies by others. This common law right is known as “common law copyright,” or “copyright before publication.” It is the right which an author has in his manuscript and is a property right. It is so stated by Samuel D. Hirschl in his special lecture “Trade-mark and Copyright Protection in Business.”
The rights and remedies of the copyright proprietor, here considered, are created by statute. By the statute certain rights are secured and certain remedies afforded to the copyright proprietor. The rights being created by statute are determined and measured by the provisions of the statute only; but the statute has a double aspect, it not only secures rights to the copyright proprietor but affords him certain remedies as well; and the remedies are only such as are prescribed by the statute.
Clearly the copyright is secured to an author upon the publication of the copyright work with notice of his claim of copyright, but the statute requires more of him before *20 he can avail himself of the remedies given by the statute. Since the remedies are statutory only he is entitled to them only when he has met the requirements of the statute. By complying with the conditions of the statute the copyright proprietor is entitled to recover statutory damages upon proof of such facts only as are made necessary by the language of the statute. In securing his copyright by publication an author has fixed in law his property rights in the copyright work, but he has not put himself in position to ask or enforce the payment of statutory damages by one who infringes the copyright work. If he wishes to avail himself of the remedies afforded by the statute he must go further and do that which is required by the statute, i.e., he shall promptly deposit in Copyright Office two copies of the copyright work; until he does so he has a naked property right in the copyright work. When he has complied with the statute by promptly depositing the copies in the Copyright Office he has put himself in position to secure the protection of the courts and to recover statutory damages if his copyright work be infringed. The statute confers the property rights in the copyright work upon publication with notice, but the enjoyment and protection of such rights through the remedial processes afforded by the statute are subject to the accomplishment of the conditions and formalities prescribed in the statute. It would seem that the jurisdiction of this court to enforce plaintiff’s rights is conferred solely by plaintiff’s full compliance with such conditions and formalities.
Sutherland in his work on STATUTORY CONSTRUCTION, Second Edition, Volume II at page lláO is authority for the proposition that in statutory proceedings the statute must be substantially complied with; every act required which is jurisdictional, or of the essence of the proceeding, or prescribed for the benefit of the party to be affected thereby, must be done; the requirement is mandatory. At *21 page 1142 lie makes the further observation that where a statute confers a new right, privilege or immunity the grant is strictly construed, and the mode prescribed for its acquisition, preservation, enforcement and enjoyment is mandatory. On the same page he says that this is the rule as to copyrights.
The principles of statutory construction as here applied resemble those which control the construction of enabling statutes. Such statutes impliedly prohibit any other than the statutory mode of doing the acts which they authorize. This is illustrated by numerous cases where statutory rights and remedies are given. It is said that where a statute, in granting a new power, prescribes how it shall be exercised, it can lawfully be exercised in no other way; and in all cases where, by the exercise of such a power, one may be divested of his property, the grant is strictly construed; the mode of proceeding prescribed must be strictly pursued; the provisions regulating the procedure are mandatory as to the essence of the thing required to be done.
I conclude as matter of law that as a condition precedent to plaintiff’s right to avail itself of the remedies afforded by the copyright law it was necessary for it to promptly deposit two copies of its publication in the Copyright Office. This it failed to do and only attempted to comply with the statute in that regard some months after the occurrence of the alleged act of infringement. The plaintiff has not therefore made out a case which will entitle it to the statutory remedy which it seeks. For the reasons assigned plaintiff’s bill of complaint will be dismissed, the costs to be assessed against the plaintiff. Section 40 of the Copyright Act permits the award of attorney’s fees as part of the costs within the discretion of the Court; but the Court is not persuaded that attorney’s fees should be so assessed in this case.
Formal orders, necessary for the record, will be presented.
*22 MEMORANDUM
LETTS, J.
Since writing the memorandum filed March 28, 19.35, plaintiff’s motion for rehearing has been filed and submitted. Upon consideration of such motion my attention has been directed to the case of Lumiere v. Pathe Exchange, Inc., et al., 275 Fed. 428, and certain English cases notably Groubaud & Another v. Wallace decided by the High Court of Judicature in May, 1877.
An examination of these authorities and others furnished by plaintiff in support of the motion for rehearing persuaded me that the conclusion expressed in my memorandum of March 28,1935, is erroneous.
It follows that the motion for rehearing should be granted. An appropriate order may be presented granting such motion.