## SAWYER v. CROWELL PUB. CO.
### No. 265.

Circuit Court of Appeals, Second Circuit.

May 1, 1944.

Myers & Guerin, of New York City (Joseph K. Guerin and Herbert Goldmark, both of New York City, of counsel), for appellant.

Moynihan & McKeown, of New York City (Edward V. McKeown and William R. Covington, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is a suit for copyright infringement of a map, for which a certificate of copyright was issued to the plaintiff, Mr. Sawyer, on April 22, 1930. The map was entitled "Great Circle Map showing Fairbanks, Alaska, a Geographical Center of Europe, Asia, America." A legend in small type stated "This map was originated and produced by Ernest Walker Sawyer," and in the lower right corner were the words "Copyright 1930 by Ernest Walker Sawyer." In 1931 the map was republished under circumstances hereafter to be stated as an official publication of the Department of the Interior. The plaintiff's complaint, filed December 2, 1939, charged the defendant with infringing the plaintiff's copyright by reproducing in the issue of "Collier's The National Weekly" for December 4th, 1937, in connection with an article on aviation, certain portions of the republished map. After trial to the court without a jury, the action was dismissed on the merits. This is an appeal from the judgment of dismissal.

The district judge wrote an opinion and made findings of fact substantially as follows: Mr. Sawyer was Executive Assistant to the Secretary of the Interior from March 1929 to March 1933. During the summer of 1929 he went to Alaska upon official business, and upon his return he requested Wilbur S. Wills, an employee in the Division of Surveys, General Land Office, Department of the Interior, to prepare the map which was later copyrighted by Mr. Sawyer. In the preparation of it Mr. Wills used the materials and facilities of the United States government and books, publications and scientific information on file in the Department of the Interior. He received no pay from Mr. Sawyer for his work on the map. The map was prepared as a result of and relating to Mr. Sawyer's work in Alaska in the course of his official duties. The information as to the continental outlines appearing on the map and as to the latitude and longitude of the cities located thereon was taken from maps, atlases and other publications on file in the Department, and such information was in the public domain. When the map was republished in 1931 certain additional information was included thereon, consisting of approximately eleven red lines and figures showing the mileage distances between Fairbanks and certain important cities located on the map. On the republished map the title of the copyrighted map was expanded by adding the words "and the Terminus of the Pacific Yukon Highway." It also bore the words "Map No. 8" and it will be so referred to hereafter. To the small type legend of the copyrighted map was added on Map No. 8 "Republished February 1st 1931 by permission by the

Commissioners appointed for a study regarding the construction of a highway to connect the northwestern part of the United States with British Columbia, Yukon Territory, and Alaska," followed by the names of the three Commissioners of whom Mr. Sawyer was one. Map No. 8 carried the original 1930 copyright notice, and additional legends reading "Data obtained from official sources" and "The drafting and computations of this map have been verified by the United States General Land Office." No copyright was obtained or sought to be obtained by Mr. Sawyer for the additional matter included in Map No. 8. When completed Map No. 8 was engraved and printed by the United States Geological Survey, a bureau of the Department of the Interior. In an official publication of the Department entitled "General Information Regarding the Territory of Alaska," Map No. 8 is represented to be a Department of the Interior publication relating to Alaska. The map published by the defendant is a copy of portions of Map No. 8, namely, the lines and mileage distances between Fairbanks and nine other cities and the outlines of the continents and islands on which these cities are located. Beneath the defendant's map are the words "This map, showing air-line distances to Asiatic and Northern European cities, graphically illustrates Alaska's strategic position as the center of air lines of the future." The district court ruled as matter of law (1) that Map No. 8 is a publication of the United States Government and no copyright subsists therein; (2) that any rights that may exist in the copyrighted map are the property of the United States and, if the plaintiff has a valid copyright, it is held in trust for the United States; (3) that the map reproduced by the defendant does not infringe the copyrighted map, even assuming that the plaintiff's copyright is valid; and (4) that the plaintiff failed to establish facts sufficient to constitute a cause of action against the defendant.

The ultimate questions raised by this appeal are whether the appellant proved that he has a valid copyright in the 1930 map and, if he has, whether the map published by the appellee constitutes an infringement of it. We shall assume, as the appellant argues, that the choosing of Fairbanks as the focal center from which to plot directions within the great circle to other cities was an original and novel feature which would have made the 1930 map copyrightable by him, if he had not been in the employment of the United States. See General Drafting Co. v. Andrews, 2 Cir., 37 F.2d 54, 55; Freedman v. Milnag Leasing Corp., D.C.S.D.N.Y., 20 F.Supp. 802, 803; Woodman v. Lydiard-Peterson Co., C.C.Minn., 192 F. 67, 69, affirmed, 8 Cir., 204 F. 921. But this will avail the appellant nothing unless he can upset the findings of fact upon which the district court based its ruling that any rights Mr. Sawyer may have acquired must be held in trust for the United States. The court found expressly that "The map was prepared as a result of and relating to the plaintiff's work in Alaska in the course of his official duties." The appellant urges that this finding has no evidence to support it. We cannot agree. Mr. Sawyer, it is true, testified that he went to Alaska in 1929 to investigate the reindeer situation and that the making of the map had nothing to do with his official duties. But he said also, on cross-examination, that he went "to make a survey of the facilities that were there under the Department of the Interior." And Mr. Wills, a disinterested witness, testified that the map was prepared in response to an order from Mr. Sawyer in connection with his work in Alaska and to accompany a report to the Secretary of the Interior. He testified further that Mr. Sawyer told him what he wanted the map for, namely, "in connection with his work in Alaska to point out the availability of Fairbanks, Alaska, as a logical site for the location of radio stations and aviation fields and for use in connection with his report to the Secretary of the Interior." Mr. Sawyer was Mr. Wills' superior in authority in the Department of the Interior and their conversation took place in the Department during the usual office hours. These circumstances as well as the manner in which the map was prepared and the fact that Mr. Sawyer paid nothing to Mr. Wills for his work upon it, tend strongly to support an inference that when Mr. Sawyer ordered the map he regarded its preparation as part of his official duties. No conclusive inference to the contrary can be drawn from the fact that the map was not actually used to accompany his report to the Secretary of the Interior. That report is not in evidence. Without a knowledge of its contents we cannot assume that the map was not germane to the report. Why it was not used with it we are not at liberty to surmise. Moreover, it is not without significance, we

think, that Mr. Sawyer never made any commercial use of the map and permitted it to be republished as an official document of the Department of the Interior. On the record as it stands we cannot say that the court's finding of fact above quoted was clearly erroneous. The rule that only such a finding may be set aside is as applicable to an action for copyright infringement as to any other action. Darrell v. Joe Morris Music Co., 2 Cir., 113 F.2d 80. We conclude therefore that the district court was right in holding that any rights which Mr. Sawyer acquired by copyrighting the map must be held in trust for the United States. The case is governed by the rule applied in United States Ozone Co. v. United States Ozone Co., 7 Cir., 62 F.2d 881, 887 rather than the rule of United States v. Dubilier Condenser Corp., 289 U.S. 178, 53 S.Ct. 554, 77 L.Ed. 1114, 85 A.L.R. 1488. Hence it is unnecessary to consider whether the defendant's map amounted to an infringement.

Judgment affirmed.