## GUMM v. JERRY VOGEL MUSIC CO., Inc., et al.

### No. 9, Docket 20111.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1946.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City, of counsel), for appellant.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer, William Goldie, Leon Alexandroff and Gerald Meyer, all of New York City, of counsel), for appellees.

Before SWAN, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The district judge, who tried the case without a jury, made findings of fact and conclusions of law, and rendered a written opinion reported as Von Tilzer v. Jerry Vogel Music Co., 53 F.Supp. 191. The evidence is sufficient to sustain the findings of fact, and none of them can be reversed as clearly erroneous. Also the questions of law which the appeal presents were correctly decided. The second and third causes of action are ruled by Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055. Contrary to the appellant's contention the Dillon assignments to Von Tilzer were bilateral contracts imposing mutually enforceable rights and duties. See Wood v. Lucy, Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214. The testimony of Bernstein and Caesar was admissible to interpret the words "printed copy" in the Dillon contracts, and it supports the finding that the words did not refer to "folios." See Gumbinsky Bros. Co. v. Smalley, 203 App.Div. 661, 197 N.Y.S. 530, aff'd 235 N.Y. 619, 139 N.E. 758. The decision as to the sixth cause of action is justified by Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 2 Cir., 140 F.2d 268, 269-270. All the other causes of action involved in the appeal turned on questions of fact and it is unnecessary to add anything to the district court's opinion. The case involved seven causes of action, each requiring separate proof and resulting in a very extensive record. We see no abuse of discretion in the amount of the attorneys' fee awarded.

Judgment affirmed.