**Billy ROSE, Ray Henderson and Mel Torshin, as Executor of the Estate of Mort Dixon, Appellants,**

v.

**BOURNE, INC., Appellee.**

No. 308, Docket 26015.

United States Court of Appeals
Second Circuit.

Argued March 29, 1960.

Decided May 31, 1960.

Schulman & Stern, New York City (John Schulman, Martin Bressler, New York City, of counsel), for appellants.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City (Walter S. Beck, Simon Rose, and Albert F. Smith, New York City, of counsel), for appellee.

Before WATERMAN and BARNES,* Circuit Judges, and SMITH, District Judge.

PER CURIAM.

This case calls for an adjudication of the ownership of the right to renew the copyright upon the song, "That Old Gang of Mine." The song was written by Billy Rose, Mort Dixon and Ray Henderson.[1] Dixon died sometime subsequent to May 17, 1950, and the executor of his estate has joined the two surviving authors as the third plaintiff herein. On April 19, 1923 the three authors entered into an agreement with defendant's predecessor, Irving Berlin, Inc., for the publication of the song. The terms of the agreement with respect to the payment of royalties are set forth in Judge Dimock's opinion below, D.C.S.D.N.Y. 1959, 176 F.Supp. 605, 608–609, and need not be here repeated. By this agreement the authors assigned to defendant's pred-

ecessor the musical composition "That Old Gang of Mine" along with certain specified rights in that song including " * * * all copyrights and the rights to secure copyrights and extensions and renewals of copyrights. * * * "

The song was first registered with the Copyright Office on April 23, 1923 as an unpublished work. Under Section 24 of the Copyright Act, 17 U.S.C. § 24, and Section 202.17(a) of the Rules of the Copyright Office, 37 C.F.R., application for renewal of a copyright upon a work originally registered in an unpublished form must occur within the twenty-eighth year of the copyright term. It is settled that prior to the renewal period an author's interest in the renewal rights is only an expectancy which can be defeated by his death prior to the commencement of the renewal period. See Miller Music Corp. v. Charles N. Daniels, Inc., 80 S.Ct. 792. However the author may assign this expectancy and the assignment is valid against the world if the author is alive at the commencement of the renewal period. Fred Fisher Music Co. v. M. Witmark & Sons, 1943, 318 U.S. 643, 63 S.Ct. 773, 87 L. Ed. 1055; Miller Music Corp. v. Charles N. Daniels, Inc., supra, 80 S.Ct. 792, 794. In this case the renewal period began on April 24, 1950, and since all three authors were alive on that date, the case falls within the rule of Fred Fisher Music Co. v. M. Witmark & Sons, supra.

The Fisher case indicated that an author might challenge the validity of his assignment of his expectancy in the renewal rights if the consideration for the assignment was inadequate. Judge Dimock held that the 1923 assignment was supported by adequate consideration and we adopt his excellent analysis of the question as applied to the facts of this case, 176 F.Supp. 605, 611–612. See also Gumm v. Jerry Vogel Music Co.,

* Of the Ninth Circuit, sitting by designation.

1. The lyrics of the song were written by Rose and Dixon. The music was composed by Henderson. The statute, 17 U.S.C. § 24, refers to all persons who create copyrightable works by the generic name "author." Throughout this opinion Rose, Dixon and Henderson are referred to as "authors" in accordance with this statutory language.

2 Cir., 1946, 158 F.2d 516; Edward B. Marks Music Corp. v. Charles K. Harris Music Pub. Co., 2 Cir., 1958, 255 F.2d 518, 521–522, certiorari denied 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69.

It is clear that unlike the 1910 agreement in Rossiter v. Vogel, 2 Cir., 1943, 134 F.2d 908, the 1923 assignment before us conveyed renewal rights, and this court has repeatedly held that a power of attorney to apply for renewal rights will be implied from the fact of the assignment. See Rossiter v. Vogel, supra, at page 911. Therefore we affirm Judge Dimock's conclusion that appellee, having made a timely filing for renewal, is the present legal owner of the renewal copyright.

See also, 2 Cir., 272 F.2d 586.

■ Appellants also object to Judge Dimock's award to appellee of $7,500 in attorney's fees. The reasons for this award are to be found in the opinion below, 176 F.Supp. 605, 612. Under 17 U.S.C. § 116 the district court may award the prevailing party a reasonable attorney's fee as part of the costs. There is no abuse of discretion here.

Affirmed.