**LIN–BROOK BUILDERS HARDWARE, Appellant,**

v.

**Evelyn GERTLER and Irving Gertler, individually, and dba All-American Home Center, Appellees.**

**No. 19883.**

United States Court of Appeals Ninth Circuit.

Oct. 26, 1965.

Rehearing Denied Dec. 20, 1965.

Lee Landrum, Greenwald, Landrum & Baim, Los Angeles, Cal., for appellant.

L. E. McManus, Dowey, Cal., for appellees.

Before KOELSCH and ELY, Circuit Judges, and BEEKS, District Judge.

BEEKS, District Judge.

Appellant is engaged in the business of retailing hardware and other goods in Anaheim, California. To advertise its establishment appellant has been publishing illustrated catalogues of its merchandise since 1957. Many of the illustrations were drawn by a commercial artist, H. L. Baxter, whom appellant employed as an independent contractor. Beginning in 1961 appellant made it a practice to copyright the catalogues by placing the words "Copyright 1961 Lin-Brook Hardware" on the cover of each catalogue and by registering the copyrights with the appropriate Government offices. Appellees operate a hardware store in Downey, California, about 12 to 15 miles from appellant's store. They deal in similar or identical items of merchandise. Appellees also publish an illustrated catalogue to advertise their merchandise. Appellant, believing its copyright to have been infringed by the appellees, gave notice thereof on February 5, 1962, and commenced this lawsuit on August 13, 1962. The trial court severed the issues of liability and damages and at the conclusion of the trial the court found against appellant and dismissed the complaint. The trial court did not make formal findings of fact but it did issue a

memorandum decision which was to be considered as the findings of the court.

In essence, appellant attacks the conclusions of the trial court that (1) appellant was not the proprietor of the copyright to the drawings made by H. L. Baxter and was therefore not entitled to copyright them, (2) the drawings by H. L. Baxter were not copyrightable, and (3) the alleged copyrights were invalid because of insufficient notice of copyright.

■■ The basis of the trial court's holding as to the proprietorship of the copyright to Baxter's drawings is twofold. First, the court apparently indulged in the presumption that since Baxter was an independent contractor and not an employer, he was the "copyright proprietor" within the meaning of the statute.[1] Secondly, Baxter executed an assignment[2] in favor of appellant of all right, title and interest in the drawings. The assignment was dated May 24, 1962, less than three months before the commencement of the lawsuit. The court apparently concluded that the assignment demonstrated a prior lack of title in the assignee, Lin-Brook Hardware. Appellant here contends that the assignment was merely a "quit-claim" assignment for the purposes of litigation. The record is devoid of any testimony relating to the circumstances under which the assignment was given and the only other evidence in the record with respect to ownership of the copyright is the uncontradicted testimony of Baxter set forth in the margin.[3]

We are of the opinion that the trial court committed error in presuming that Baxter retained the ownership of the copyright to the drawings. On the contrary, we believe that when one person engages another, whether as employee or as an independent contractor, to produce a work of an artistic nature, that in the absence of an express contractual reservation of the copyright in the artist, the presumption arises that the mutual intent of the parties is that the title to the copyright shall be in the person at whose instance and expense the work is done. Yardley v. Houghton Mifflin Co., 108 F. 2d 28 (2d Cir. 1939); Grant v. Kellogg Co., 58 F.Supp. 48 (S.D.N.Y.1944); Dielman v. White, 102 F. 892 (C.C.D. Mass.1900). We do not believe that the assignment referred to above, standing alone without any evidence as to the circumstances or intendment of its execution, is sufficient to rebut this presumption.[4] Accordingly, we are of the opinion that the trial court's conclusion with respect to the proprietorship of the copyright was erroneous.

■ The trial court's conclusion that the drawings made by Baxter are not copyrightable is also based on two grounds, first, that an illustration in this type of catalogue is not copyrightable, and secondly, that Baxter's work showed insufficient "originality" to be copyrightable. The court relied on Baker v. Sel-

---

1. "The notice of copyright required by section 10 of this title shall consist either of the word 'Copyright', the abbreviation 'Copr.', or the symbol '©', accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication. . . ." 17 U.S.C. § 19.

2. "I hereby sell, transfer and assign for valuable consideration, receipt of which is hereby acknowledged, all of my right, title and interest in the literary and artistic work produced by me for Lin-Brook Hardware, which was thereafter reproduced without my consent or authority by ALL AMERICAN HOME

CENTER, including all causes of action which arise therefrom or are incident thereto and authorize Lin-Brook Hardware to pursue such cause of action in my name if they choose to do so."

3. On direct examination:
    "Q. Do you make any claim on the art work yourself, Mr. Baxter?"
    "A. None whatsoever. This artwork is done exclusively for Lin-Brook Hardware and no one else. It is their property and not mine."

4. On oral argument counsel for appellees conceded that if a presumption were applicable such as we now apply, the assignment standing alone would not rebut it.

den, 101 U.S. 99, 25 L.Ed. 841 (1880), and on its discussion of the English case of Cobbett v. Woodward, Law Rep. 14 Eq. 407. The gist of Cobbett v. Woodward is that a furniture catalogue is not copyrightable because it constitutes advertising. Counsel for appellees conceded on oral argument that advertising is copyrightable, as indeed he must in the face of overwhelming authority. Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460 (1903); L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1919); Campbell v. Wireback, 269 F. 372 (4th Cir. 1920); Ansehl v. Puritan Pharmaceutical Co., 61 F.2d 131 (8th Cir. 1932); Weir v. Gordon, 216 F. 2d 508 (6th Cir. 1954).

On the issue of originality the trial court seems to have been led astray by the dual meaning of the word. The court cited as an example a drawing of a Texaco oil can and concluded that, "There was nothing original in the drawing or sketch. Any meticulous artist, looking at the can before him, would have drawn it in the same manner, achieving the same result." However, this reasoning would be even more applicable to photographs, which are commonly held to be copyrightable. Lumiere v. Robertson-Cole Distributing Corp., 280 F. 550 (2d Cir. 1922); Cory v. Physical Culture Hotel, 88 F.2d 441 (2d Cir. 1937). "Originality" in copyright law is not a question of creativity or novelty, but one of authorship or source of origin. " 'Original' in reference to a copyrighted work means that the particular work 'owes its origin' to the 'author.' No large measure of novelty is necessary." Alfred Bell & Co., Ltd. v. Catalda Fine Arts, Inc., 191 F.2d 99, 102 (2d Cir. 1951). To paraphrase the language of the Supreme Court in the Bleistein case, appellees were free to copy the original oil can, but they were not free to copy Baxter's copy of the can.

The third ground of the trial court's decision was that of insufficient notice of the copyright. This ground is also twofold. First, inasmuch as much of the material in the catalogues was admittedly not copyrightable, the notice of the copyright printed on the cover of the catalogues was insufficient to give notice to the public as to which of the myriad items in the catalogues were copyrighted. Secondly, the language used in the certificates of copyright was so indefinite and uncertain as to be a failure of notice to the public.

The first basis of the court's conclusion as to notice is contrary to the express language of the statute, 17 U.S.C. § 3,[5] and to the holdings of the decided cases. Markham v. A. E. Borden Co., Inc., 206 F.2d 199 (1st Cir. 1953); Da Prato Statuary Co. v. Giuliani Statuary Co., 189 F. 90 (C.C.D.Minn.1911); National Cloak & Suit Co. v. Kaufman, 189 F. 215 (C.C.M.D.Pa.1911); P.I.C. Design Corporation v. Sterling Precision Corp., 231 F.Supp. 106 (S.D.N.Y.1964).

The second ground was that the language of the copyright certificates was too indefinite and uncertain. The certificates stated, "New matter consists of new artistic drawings of merchandise, new textual and pictorial material not previously published and new layouts and revisions." Given the language of 17 U.S.C. § 3, quoted in note 5, supra, we find that the certificates give all notice the statute requires and the conclusion that the language of the certificates is too indefinite and uncertain is erroneous.

In fairness to the learned trial judge, it should be pointed out that the great majority of the authorities relied upon in this opinion were cited neither to the trial court nor to this court.

The court did not mention in its memorandum decision anything relative to a finding that appellees copied from appel-

5. "The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright.

The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title."

lant's catalogue. However, a perusal of the record as a whole demonstrates to our complete satisfaction that the court was convinced that there was substantial copying. Therefore, the liability of appellees has been established and the only remaining issue to be tried is that of damages, including the question of the extent of the copying, and whether appellant is entitled to injunctive relief.

Reversed and remanded for further proceedings in accordance herewith.