**BRATTLEBORO PUBLISHING COMPANY**

v.

**WINMILL PUBLISHING CORPORATION.**

Civ. A. No. 4147.

United States District Court
D. Vermont.

Feb. 2, 1966.

---

216

Gannett, Oakes & Weber, Brattleboro, Vt., for plaintiff.

John S. Burgess, Brattleboro, Vt., for defendant.

GIBSON, District Judge.

### STATEMENT OF THE CASE

The plaintiff instituted this action against the defendant under Title 17 U.S.C.A. § 101 for alleged violation of certain copyrights claimed by it and also for alleged unfair competition and unfair trade practices. The plaintiff complained that the defendant copied certain advertisements that were published in plaintiff's copyrighted newspaper, and that such copying was an infringement of the plaintiff's copyrights and also was unfair competition and a use of unfair practices. The plaintiff, in its complaint, asked that the defendant be permanently enjoined from infringing any copyrights of any issues of plaintiff's newspaper and the defendant be required to pay to plaintiff such damages as it suffered due to defendant's infringement and to account to the plaintiff for all profits realized from the infringement.

## FINDINGS OF FACT

The plaintiff publishes a daily newspaper called the Brattleboro Daily Reformer which is circulated in and about Brattleboro, Vermont. Defendant publishes a weekly pamphlet or direct-mail circular called the Brattleboro Town Crier consisting almost exclusively of advertising which also is circulated in and about the area of Brattleboro, Vermont.

The advertisements alleged to have been copied by the defendant and allegedly constituting the infringement may be described and hereafter referred to as (1) The Country Kitchen Advertisement, (2) The Brattleboro Country Club Pro Shop, Rocky York, Club Pro Advertisement, (3) the H. H. Thompson Credit Jewelers Advertisement, and (4) the Conn and John Realtors Advertisement.

At all times material to this case the plaintiff had secured valid copyrights in reference to its newspaper. Throughout the period of the alleged infringements, the plaintiff's newspaper contained on the first page, immediately below the title, the requisite information prescribed by the copy right law, 17 U.S.C.A. § 19.

The plaintiff alleges infringement of its copyrights by the defendant in connection with the four advertisements listed above. In the plaintiff's original complaint, it also alleged other infringements of its copyrights. However, no evidence was introduced except as to the above-listed advertisements, so as to any other alleged infringements, the complaint is dismissed.

For the purpose of understanding the case with which we are faced, I think it may be well to take the different ads which are in controversy and describe them.

The first advertisement with which we are concerned is known as the "Country Kitchen Ad". It was first published in the plaintiff's newspaper on October 16, 1964. The ad was reproduced in the defendant's Town Crier on October 29, 1964. The ad as it appeared in the defendant's periodical was slightly larger than the ad in the plaintiff's newspaper,

but this was because of the photo offset printing process used by the defendant. The ad in the defendant's paper also had a somewhat darker border and it did not contain the copyright insignia as did the ad in the plaintiff's newspaper. Except for the above differences, the style of type, the illustration used in the ad, and the language of both the ads were identical. On November 12, 1964 the defendant ran the "Country Kitchen Ad" using the same illustration that appeared in the plaintiff's ad. However, on this date, the defendant's ad used different type style and wording. There is nothing unusual about this ad that would cause it to be distinctive in any particular manner, except for the illustration which both plaintiff and defendant concede was owned by the advertiser. The defendant ran the "Country Kitchen Ad" in its paper, the Crier, on the instruction given to the defendant by the advertiser, and such instructions were as to the form and context of the ad..

The next ad may be designated as the "Brattleboro Country Club Pro Shop, Rocky York Club Pro" advertisement. It first appeared on page 6 of the Brattleboro Daily Reformer of November 4, 1964. The advertisement was reproduced in the defendant's Town Crier on November 19, 1964. This ad was identical in every manner with the advertisement originally produced in the plaintiff's paper. The defendant was instructed by the advertiser to run this ad in its paper exactly as it appeared in the plaintiff's newspaper.

The next advertisement is designated as the "H. H. Thompson Credit Jewelers" ad. This ad was run in the plaintiff's newspaper on November 4, 1964. The same ad appeared in the defendant's Town Crier on November 12, 1964. The ad was identical as the one in the plaintiff's paper except that a different illustration was used by the defendant and the address of the advertiser was inserted on the bottom of the ad by the defendant. The different illustration was supplied by the advertiser. The advertiser had instructed the defendant to run the ad

exactly as it had appeared in the plaintiff's newspaper with the exception of changing the illustration and the addition of the address.

The next ad is referred to as the "Conn and John Realtors" advertisement. It was published in the plaintiff's newspaper on November 2, 1964. The ad was reproduced in the Brattleboro Town Crier on November 19, 1964. In both the plaintiff's paper and the defendant's paper the ad for Conn and John Realtors contained a photograph of a house that was being offered for sale. The picture was taken by the staff of the plaintiff's paper on the instructions of the advertiser and was in the possession of the real estate firm. The advertiser gave the photograph to the defendant along with the instructions as to form and context of the ad as it was to appear in the defendant's paper.

In all these advertisements, the plaintiff did not have any agreement, either written or oral, with the advertisers concerning who was to have owned the advertisement.

The advertiser and the plaintiff's advertising salesmen cooperated to prepare the form, the figures, words and illustrations of the ads that appeared in the Brattleboro Daily Reformer.

There was no difference in the rates charged by the plaintiff to an advertiser who supplied his own ad completely and one who used the plaintiff's staff to help prepare the ad. In either case, the advertiser pays for the advertisement and not just for space in the newspaper.

The defendant paper published all the advertisements that are here in question on the specific instructions of the advertiser as to the form, context and layout.

The plaintiff newspaper accepts national advertising and such national ads are supplied wholly as to context and form by the advertiser. The plaintiff does not claim its copyrights extend to such national ads. The plaintiff also publishes political ads which are prepared by the person running for office. The plaintiff does not claim its copyrights extend

to these ads either. The only advertisements that the plaintiff claims its copyrights extend to are local retail advertisements.

## CONCLUSIONS OF LAW

■ It is clear that newspapers, as periodicals, are copyrightable under 17 U.S.C.A. § 3; Inter-City Press, Inc. v. Siegfried, 172 F.Supp. 37 (W.D. Mo., 1958). Advertisements contained in periodicals are also copyrightable; Lin-Brook Builders Hardware v. Gertler, 352 F.2d 298 (9th Cir. 1965). In order for a copyright to be valid, the newspaper must have complied with the notice requisites of the copyright law, specifically 17 U.S.C.A. § 19, which the plaintiff paper complied with in this case. The purpose of the notice requirement is to inform the public of the copyright and to warn against republication. Notice of copyright, adequately given, as was done here, suffices to protect all copyrightable material contained in the newspaper. 17 U.S.C.A. § 20.

■ However, this Court is of the opinion that the advertisements here in question were not copyrightable by the plaintiff newspaper. Therefore, the reproduction of them by the defendant in its paper was not a violation of any of the plaintiff's copyrights. The advertiser retains the property rights in the advertisements and may cause them to be run and re-run as he desires. Inter-City Press, Inc. v. Siegfried, supra, 172 F. Supp. at p. 45. When an advertiser engages a newspaper to produce and publish an advertisement and there is no agreement made between the advertiser and the newspaper as to the ownership of the ad, then the ownership of the advertisement and the right to copy the advertisement is in the advertiser and not in the one who publishes it. The person at whose instance and expense the work was done is the owner of the advertisement. Lin-Brook Builders Hardware v. Gertler, supra. If the advertiser did not retain the title to the copyright, then every merchant would be precluded from running an advertisement he has paid for in any

other newspaper except the one first chosen if that paper was copyrighted. If the newspaper had title to the copyright and could restrict the advertiser in his choice of advertising media for a specific ad, surely the advertisers would not choose to advertise in that newspaper and thus be so restricted. As Chief Judge Duncan said in Inter-City Press, Inc. v. Siegfried, supra at page 45, "Certainly the law never anticipated such restriction upon the rights of merchants to freely advertise their merchandise."

In this case, the plaintiff, in effect, only claims the right to copyright advertisements it solicits from local merchants. It makes no claims as to its right to copyright so-called national ads or political advertisements, or ads entirely prepared by the advertiser. Its charge is the same for ads it helps prepare as for those fully prepared by the advertisers. Furthermore, plaintiff's soliciting agents never advised any local advertiser whose business was being solicited that the plaintiff claimed that any ad which plaintiff in any way helped prepare could not be reproduced anywhere else without the plaintiff's consent. All this, indeed, leads to a ridiculous situation and is clearly untenable. The wisdom of such a course is, to say the least, questionable.

■■ The plaintiff also complained of unfair competition by the defendant in its copying of the advertisements published in plaintiff's newspaper. Common law unfair competition must be grounded in either deception or appropriation of the exclusive property of the plaintiff. Societe Comptoir De L'Indus, etc. v. Alexander's Dept. St., 299 F.2d 33 (2nd Cir. 1962). In this case there was no deception of the public by the defendant in publishing the advertisements. And, since the advertisements were not the exclusive property of the plaintiff, it cannot complain of unfair competition.

■ The defendant was not guilty of unfair trade practices either, since the advertisements as they appeared in the defendant's paper were published from information furnished by advertisers or were copied from the plaintiff's ads on the instructions of the advertisers. Inter-City Press, Inc. v. Siegfried, supra.

It is, therefore, the conclusion of this Court that the defendant has not infringed any copyrights of the plaintiff. Neither has it been guilty of unfair competition or unfair trade practices.

### JUDGEMENT ORDER

It is ordered that the suit brought by the plaintiff against the defendant be and hereby is dismissed with costs to the defendant.