563 F.2d 773
 196 U.S.P.Q. 145
 Joy Love Boone MURRAY, Plaintiff-Appellant,
v.
Carol W. GELDERMAN, Miguel Uria, and Shaun Viguerie, all
Individually and d/b/a New Orleans A La Carte,
Ltd. and New Orleans A La Carte, Ltd.,
Defendants-Appellees.
 No. 77-2061
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 23, 1977.
Rehearing Granted Feb. 6, 1978.
 See 566 F.2d 1307.
 Thomas S. Keaty, New Orleans, La., for plaintiff-appellant.
 Michael F. Little, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 Appellant Murray brought this action for copyright infringement pursuant to 28 U.S.C. § 1338 against New Orleans A La Carte, Ltd., and its shareholders. The district court dismissed the complaint for failure to state a cause of action. Rule 12(b), Fed.R.Civ.P. For the reasons stated below, we affirm.
 
 
 2
 The corporation was formed for the purpose of publishing and marketing a menu book, "New Orleans A La Carte," which contains menus of famous New Orleans restaurants. In May, 1975, defendant Gelderman approached Murray about the possibility of doing some work on a menu book. Gelderman originated the concept and attempted, unsuccessfully, to author it herself. Murray, Gelderman, and defendant Viguerie later met to discuss the idea, and an agreement was reached whereby Murray would take the lead in putting the book together and the defendants would contribute capital. Although she was made a director and officer of the corporation, Murray refused an invitation to participate as a shareholder. Under the agreement, Murray was to receive one-third of the book's profits, if any, and would be reimbursed for her out-of-pocket expenses.
 
 
 3
 Murray worked on the book by herself at home, making the necessary contacts and handling various chores relating to publication. She was reimbursed for her expenses but has received no income because the book has not yet made any money. After the book was published, the copyright was issued in the name of the corporation. Soon thereafter the relationship between the parties disintegrated; Murray was removed as a director and officer of the corporation and subsequently filed this lawsuit. The district court dismissed the action on the basis of the "works for hire" doctrine.
 
 
 4
 The Copyright Act of 1909[1] provides for statutory copyright protection for an "author," 17 U.S.C. § 4, and defines "author" to include an employer in the case of "works made for hire." 17 U.S.C. § 26. The statute represents a codification of the so-called "works for hire" doctrine recognized by the Supreme Court in Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460 (1903).
 
 
 5
 This Court has apparently not been called upon to apply the doctrine,[2] but the general principles in this area are fairly clear. An employer and an employee are not precluded from agreeing that the copyright in a resulting work will vest in the employee, but § 26 creates a rebuttable presumption of copyright in the employer that can be overcome by evidence of a contrary intention of the parties. Brattleboro Publishing Co. v. Winmill Publishing Corp., 369 F.2d 565 (2d Cir. 1966); Lin-Brook Builders Hardware v. Gertler, 352 F.2d 298 (9th Cir. 1965); Picture Music, Inc. v. Bourne, 457 F.2d 1213 (2d Cir.), cert. denied, 409 U.S. 997, 93 S.Ct. 320, 34 L.Ed.2d 262 (1972).
 
 
 6
 An employer is entitled to the copyright only when the work was created by the employee within the scope of his employment. Scherr v. Universal Match Corp., 417 F.2d 497 (2d Cir. 1969), cert. denied, 397 U.S. 936, 90 S.Ct. 945, 25 L.Ed.2d 116 (1970); Bourne, supra. The crucial element in this determination appears to be whether the work was created at the employer's insistence and expense, or, in other words, whether the motivating factor in producing the work was the employer who induced its creation. Siegel v. National Periodical Publications, Inc., 508 F.2d 909 (2d Cir. 1974). Another factor is whether the employer had the right to direct and supervise the manner in which the work was being performed. Scherr, supra ; Bourne, supra. Actual exercise of that right is not controlling, and copyright is vested in the employer who has no intention of overseeing the detailed activity of any employee hired for the very purpose of producing the material. See Yardley v. Houghton Mifflin Co., 108 F.2d 28 (2d Cir. 1939), cert. denied, 309 U.S. 686, 60 S.Ct. 891, 84 L.Ed. 1029 (1940). In addition, the nature and amount of compensation or the absence of any payment for the work may be considered but are of minor importance. Epoch Producing Corp. v. Killiam Shows, Inc., 522 F.2d 737 (2d Cir. 1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1976); Scherr, supra.
 
 
 7
 Appellant seeks to avoid application of the above principles by characterizing her relationship with defendants as one of author-publisher. This argument begs the question, for under the work for hire doctrine an employer is defined as an author. The crucial question is whether the work was created at the employer's expense and insistence. The record makes clear that the motivating factor in the project was defendant Gelderman, who conceived the idea and took the initiative in engaging appellant to work on it, and that the defendant corporation financed the venture. The fact that appellant may have "authored" the book in the technical sense is immaterial under the principles set forth above.
 
 
 8
 Appellant's arguments that she was a partner in the venture because she was to share in the profits and that she was free to do other work while producing the book do not preclude the determination that the book was done "for hire." The nature of the employment relationship is not dispositive; for example, the doctrine is applicable when the parties are employer and independent contractor. Lin-Brook, supra ; Brattleboro, supra. Nor are the absence of a fixed salary and the freedom to engage in outside activities conclusive. Bourne, supra.
 
 
 9
 The record makes clear that appellant was hired by the corporation to produce a menu book, a task for which she was to receive one-third of the profits. The corporation absorbed all expenses in producing the book, and the defendant Gelderman was the motivating force behind the project. Appellant did not originate the project and had no control over the corporation or its shareholders. Under these circumstances, appellant has failed to overcome the presumption that the mutual intent of the parties is that the title to the copyright shall be in the employer. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Act of March 4, 1909, 35 Stat. 1075. After years of effort and frustration, the copyright laws were extensively overhauled in 1976. Pub.L. 94-553, Oct. 19, 1976, 90 Stat. 2541. The revised statutes are not effective until January 1, 1978, and are thus inapplicable in this case. The new law retains the work for hire doctrine and provides that "the employer . . . is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 90 Stat. 2568 (new 17 U.S.C. § 201(b))
 
 
 [2]
 The parties have cited us no Fifth Circuit cases on this point, and our research has revealed none. Not surprisingly, most of the case law has emanated from the Second Circuit