**Paul PEREGRINE, Plaintiff,**

v.

**LAUREN CORPORATION, a Colorado Corporation, Defendant.**

Civ. A. No. 84–K–1056.

United States District Court, D. Colorado.

Jan. 29, 1985.

Phillip S. Figa, David A. Weinstein, Denver, Colo., for plaintiff.

Edward P. Pierson, Denver, Colo., for defendant.

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

KANE, District Judge.

Plaintiff, a professional photographer, sues defendant, whose advertising agency commissioned plaintiff's professional services in order to include photographs in an advertising brochure. The photographs taken by Mr. Peregrine were included in the advertising brochure. Defendant, however, believing that plaintiff's October 13, 1983 bill for $4,200 was excessive, refused to pay. Plaintiff, in an attempt to encourage defendant to pay the bill for services, filed for and received a copyright to the unpaid for photographs. This suit was filed upon defendant's continuing refusal to pay the bill. Jurisdiction is invoked under the Copyright Act of 1976, 17 U.S.C. 101 *et seq.*

Although under § 401(b) of the Act the plaintiff's certificate of copyright registration for the photographs in question constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate, defendant urges that the prima facie presumption has been overcome by the law applicable to the facts of this case.

Section 201(a) of the Copyright Act sets forth the general rule that copyright vests in the author at the moment of creation. However, under section 201(b), "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." Section 101(1) defines a "work made for hire" as "a work prepared by an employee in the scope of his or her employment ..."

Although the Act does not define "employee" or "scope of employment", according to Professor Nimmer, "the crucial question in determining an employment relationship is whether the alleged employer has the right to direct and supervise the

manner in which the writer performs his work." 1 Nimmer on Copyright, 5–12, 5–12.1 (1984). The view that a work for hire relationship exists when an employer has the right to control the party doing the work has received wide judicial acceptance.

Defendant cites *Epoch Producing Corporation v. Killiam Shows, Inc.*, 522 F.2d 737, 744 (2d Cir.1975), *cert. denied*, 424 U.S. 955, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1976), (in which the requisite power to control or supervise the work was cited as the hallmark of an "employment for hire" relationship sufficient to trigger the "work made for hire" provision of the Copyright Act of 1909) as authority for the finding of a "work made for hire" relationship in the case at bar. Although the *Epoch* opinion contains interesting background information concerning the making of D.W. Griffith's film "The Birth of a Nation", the *Epoch* court declined to find a "work made for hire" relationship. Further, because *Epoch* was decided before the enactment of the Copyright Act of 1977, more recent authority is needed to support a finding that a "work made for hire" relationship existed between Mr. Peregrine and the Lauren Corporation.

In *Murray v. Gelderman*, 566 F.2d 1307 (5th Cir.1978), also decided under the 1909 Act, the court, in deciding whether the "work made for hire" principle governed, looked to whether:

> "... the motivating factor in producing the work was the employer who induced its creation.... Another factor is whether the employer had the *right* to direct and supervise the manner in which the work was being performed.... In addition, the nature and amount of compensation may be considered but are of minor importance." id. at 1310.

In *Clarkstown v. Reeder*, 566 F.Supp. 137, 141–42 (S.D.N.Y.1983), the court, construing the 1976 Act, found that a "work made for hire" relationship existed between a writer who had contributed to the writing of the town's "Youth Court" manual and his employer. The *Clarkstown* court reasoned that "... The contribution of others included not only ideas and suggestions but also direct control and monitoring of Reeder's expression of his own thoughts ..."

There is no question in this case that Mr. Peregrine's work was undertaken at the insistence of the employer and that the employer had the right to supervise Mr. Peregrine's work. Although Mr. Peregrine made suggestions during the course of the shooting sessions which were followed more often than not, it is clear that at any point the employer could have vetoed any of Mr. Peregrine's ideas or otherwise radically changed the course, scope or fact of Mr. Peregrine's photographic exertions on the project.

Given that defendant's method of paying Mr. Peregrine points toward a finding that Mr. Peregrine was an independent contractor rather than an employee, it is instructive to consider the longstanding presumption that the mutual intent of parties to the creation of an artistic work, whether employer/employee or independent contractor, was to vest title to the copyright in the person at whose insistence and expense the work was done. *See*, e.g., *Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298 (9th Cir.1965). In this light, it is clear that the section 201(b) statement of this presumption expresses the legislative intent not to overturn the line of cases which, in favor of more rational decisions in the copyright area, eschew the more traditional distinctions between an employee and an independent contractor found in other applications of agency law, such as in the determination of allegations of vicarious liability.

Because I find that the defendant commissioned the plaintiff's services so as to create a "work made for hire", the defendant's motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied. Although Mr. Peregrine undoubtedly filed this suit as a matter of principle as well as a means of compelling payment, the ambiguities which the parties to this creative endeavor failed to resolve before its completion do not resolve in plaintiff's favor. Although a

'work made for hire' relationship is premised in part on payment of consideration, neither the federal courts nor the Copyright Act are amenable to the invocation of federal question jurisdiction for the sole purpose of collecting an apparently otherwise legitimate debt. Plaintiff is free to proceed with *quantum meruit* collection efforts in another forum. This order is not to be construed as a *res judicata* bar to a suit on any issue other than the legitimacy of Mr. Peregrine's claim to a copyright in the photographs taken for defendant.

IT IS ORDERED that the defendant's motion for summary judgment, is granted. It is further

ORDERED that plaintiff's motion for summary judgment is denied. It is further

ORDERED that each party is to pay its own costs and attorney fees. It is further

ORDERED that the case is dismissed.